Argued May 1; affirmed May 16, 1950

# MANASCO *v.* BARCLAY AND DAHL
### 218 P. (2d) 469

*George H. Brewster,* of Redmond, argued the cause for appellants. On the briefs were Cunning & Brewster, and Carl H. Coad, all of Redmond.

*Bruce Spaulding,* of Salem, argued the cause for respondent. With him on the brief was Brazier C. Small, of Salem.

Before Lusk, Chief Justice, and Brand, Belt, Rossman and Latourette, Justices.

BELT, J.

Plaintiff, a logging truck driver, brought this action to recover damages for personal injuries resulting from the alleged negligence of the defendant co-partners who were engaged in logging operations near Sisters in Deschutes county, Oregon. Plaintiff was employed by the defendants as a truck driver to haul logs from Sisters to a sawmill near Redmond. The trailer upon which the logs were loaded was connected to the truck by a seven by nine-inch wooden reach or tongue approximately ten feet in length. While plaintiff was driving the truck, he claims the reach suddenly and unexpectedly broke, thereby causing the logs to roll off the trailer.

The specific charge of negligence against the defendants is that they "required plaintiff to drive said truck while the same was equipped with a broken or cracked reach" and that they had failed to carefully "select, inspect and test" the reach or tongue before requiring plaintiff to drive the truck. The defendants denied the charge of negligence and alleged, as an affirmative defense, contributory negligence on the part of the plaintiff in that he drove the truck at an excessive rate of speed and "forcibly applied the brakes to the truck, causing the trailer to whip in a dangerous manner" and thereby cracked the reach. It is further alleged by defendants:

> "That if, in the accident which occurred, namely, the breaking of the reach and separation of the truck and trailer, plaintiff received any injuries, said injuries were caused solely by plaintiff's misconduct and inability to properly operate the truck, or his intentional faulty operation of said truck."

The cause was submitted to a jury and a verdict returned in favor of the plaintiff in the sum of $7,299.65. From the judgment based on the verdict, the defendants have appealed, assigning as sole error the withdrawal from the consideration of the jury the charge of contributory negligence.

 This action was brought under the Employers' Liability Act, §§ 102-1601 to 102-1606, inclusive, O. C. L. A. During the course of the trial it was stipulated by counsel that this Act applied, and it will be so considered here, although the question of its applicability in the absence of such stipulation is not decided. But see *Williams et al. v. Clemen's Forest Products, Inc.*, 188 Or. 572, 216 P. (2d) 241, 217 P. (2d) 252; *Barker v. Portland Traction Co.*, 180 Or. 586, 173 P.

(2d) 288, 178 P. (2d) 706. Under the Employers' Liability Act contributory negligence is not a defense but may be taken into account by the jury in fixing the amount of the damage. § 102-1606, O. C. L. A. Whether error was committed by the trial court in withdrawing the charge of contributory negligence depends upon whether there was any substantial evidence tending to support it. In determining this question the evidence must be considered in the light most favorable to the defendants, and they are entitled to the benefit of every reasonable intendment thereof. Negligence of the plaintiff is not presumed, and the burden of proof is upon the defendants to show that he was guilty of contributory negligence. In the light of these fundamental principles, we will now consider the evidence.

Plaintiff had three years' experience as a truck driver prior to the accident in question. He left Sisters about seven o'clock in the morning with this heavily loaded truck and trailer driving, as he said, "around 40 or 45 miles an hour when I could." In response to the question as to how he could get the truck up to a speed of 45 miles per hour, plaintiff testified: "Well, on down grade you would get a pretty good run on it and make it." He traveled in an easterly direction down a steep grade and across the steel bridge which was about four miles to the scene of the accident. It is claimed by defendants that the plaintiff drove down this steep grade at a high and dangerous rate of speed and at the bottom thereof—before making a sharp turn—strongly applied the air brakes causing the reach or tongue to break.

In our opinion there is no evidence from which a reasonable inference could be drawn that plaintiff drove the truck at an excessive rate of speed at the

place in question. No witness testified about seeing the plaintiff drive down this steep grade, and there is no evidence as to where or in what manner he applied the brakes to this truck. The accident occurred not on the grade but at a straight part of this improved highway at a place four miles distant from the grade. It is not shown at what particular place the reach broke.

Plaintiff thus describes how the accident occurred:

"* * * I was driving along and all at once the trailer just left the highway and the truck whipped back across the road as the load of logs went off over the block at the front of the truck and it hit the truck.

"* * *

"It threw me from one side to the other side of the truck.

"* * *

"It hurt my back."

■ Witness Lowe testified that he observed tracks on the right shoulder of the highway after the truck had started up the hill on the east side of the canyon, and that such tracks led to where the overturned trailer was found. Based on this evidence, it is argued that plaintiff ought to have known that something was wrong with the equipment by the way the trailer tracked and should have stopped the truck. The simple answer to this contention is that it is not one of the specifications of negligence charged against the plaintiff.

■ After an examination of the entire record, we are convinced that the court did not err in withdrawing from the consideration of the jury the charge of contributory negligence. It follows that the judgment is affirmed.